```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Michael Brochu

    v.　　　　　　　　　　　　　　Civil No. 21-cv-384-JD
　　　　　　　　　　　　　　　　　　Opinion No. 2021 DNH 090
Robert Foley, et al.

O R D E R

Michael Brochu, who is proceeding pro se and in forma pauperis, seeks declaratory and injunctive relief based on claims under 42 U.S.C. § 1983 against two state court judges and a state judicial referee. Brochu's claims arise from proceedings in the 7th Circuit Family Division, Rochester, New Hampshire, pertaining to support payments for his minor children. The complaint is before the court for preliminary review under LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

Preliminary Review Standard

In conducting preliminary review, the court may dismiss one or more claims if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). To determine whether the complaint states a claim on which relief may be granted, the court uses the standard applied under Federal Rule

of Civil Procedure 12(b)(6).  Lanza v. Moclock, 842 F. App'x 714, 716 (3d Cir. 2021); Allen v. St. John, 827 F. App'x 1002, 1004-05 (11th Cir. 2020); Trazell v. Arlington County, 811 F. App'x 857, 858 (4th Cir. 2020); Khan v. Barela, 808 F. App'x 602, 604 (10th Cir. 2020).  Pro se complaints are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).

To avoid dismissal, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations and construes reasonable inferences in plaintiff's favor.  Justiniano v. Walker, 986 F.3d 11, 19 (1st Cir. 2021).  While the court takes factual allegations as true, it does not credit legal conclusions or statements that merely provide the elements of a cause of action.  Id.

## Background

Brochu alleges that in 2014 Judge Robert Foley issued a final parenting order in which Brochu's parental rights as to his two minor children were terminated.  Brochu moved for reconsideration, alleging errors in notification and service.  His motion was denied.

In October of 2019, Brochu filed a petition to modify and change the court's support order as it pertained to another child, who Brochu alleges had reached the age of majority. Judge Foley and Judicial Referee Colligan presided in that proceeding. The petition was denied, based on the recommendation of Referee Colligan. Brochu moved for reconsideration, asserting violations of court rules and the rules of evidence. That motion was denied based on the recommendation of Referee Colligan.

Brochu filed a complaint with the New Hampshire Judicial Conduct Committee against Referee Colligan that challenged statements she made during the hearing on his petition. Brochu alleged that her statements violated New Hampshire Code of Judicial Conduct Rule 2.3 due to bias, prejudice, and harassment. He also filed a complaint against Judge Foley, alleging violation of his supervisory duties. Brochu states that the New Hampshire Judicial Conduct Committee reached a determination on June 12, 2020, but he does not state what determination was made.

In July of 2020, the New Hampshire Division of Child Support Enforcement filed a motion to modify and change the support order as it pertained to the two minor children for whom Brochu's parental rights had been terminated. Two hearings were held with Judge Foley and Referee Colligan presiding. Brochu

3

alleges that during the proceedings Referee Colligan spoke to him "in a way that was unbecoming of a Judicial Referee." Doc. 1, at *3. He also alleges that he was ordered "to commit a criminal offense against his wife under threat of default" and that he was defaulted because he refused. He further alleges that he was not able to file an interlocutory appeal because he did not follow the New Hampshire Supreme Court procedures. He alleges that the final child support order was issued by Judge Mark Weaver.

In his statement of his claims, Brochu alleges that the defendants denied him the protections of due process and equal protection under the Fourteenth Amendment. Those violations occurred, Brochu alleges, when he was unable to seek interlocutory relief, the defendants followed him to other jurisdictions, when he was ordered "to commit a criminal act against his wife in an attempt to achieve a higher child support award," when the defendants accepted ex parte communications and "Acted Ultra Vires" in ordering him to pay child support, and when the defendants maliciously interfered with his property. Doc. 1, at *4. He seeks a declaratory judgment, an injunction commanding the defendants not to preside in any cases in which he is a party, an injunction commanding the defendants not to issue orders in violation of his Fourteenth Amendment rights, and costs of litigation.

Discussion

Brochu's claims raise issues concerning the court's jurisdiction and, if jurisdiction exits, whether the court would abstain.  Because Brochu seeks to undue the child support order issued in the state court support proceedings, his complaint implicates the Rooker-Feldman doctrine.[1]  Further, to the extent the relief he seeks would interfere in ongoing child support proceedings, the court must consider abstention.  In addition, even if Brochu could proceed past the jurisdictional and abstention issues, he has not alleged sufficient facts to show Fourteenth Amendment violations.

A.  Rooker-Feldman Doctrine

The United States Supreme Court has exclusive jurisdiction over appeals from final state-court judgments.  28 U.S.C. § 1257.  For that reason, under the Rooker-Feldman doctrine, this court, like all lower federal courts, lacks jurisdiction to consider claims brought by "state-court losers" that challenge "state-court judgments" that were entered before the federal case began.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

---

[1] The doctrine is derived from Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

U.S. 280, 284 (2005); Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F. 3d 61, 64-65 (1st Cir. 2018). The doctrine applies when the plaintiff seeks relief from an injury caused by a state court judgment but does not apply when the plaintiff alleges a different injury that is separate from the injury caused by a state court judgment. Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 222-23 (1st Cir. 2006).

In this case, Brochu alleges that the defendants' orders requiring him to pay child support, along with their actions related to those orders, violated his Fourteenth Amendment rights.[2] He asks this court to issue a declaratory judgment and an injunction to command the defendants not to preside in matters involving him and not to issue orders that violate his Fourteenth Amendment rights. Brochu alleges that a final order was issued by the state court.[3]

The Rooker-Feldman doctrine applies, depriving this court of jurisdiction, if the relief the plaintiff seeks would effectively overturn the state court judgment. Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 33 (1st Cir. 2004). Brochu

---

[2] To the extent that Brochu is challenging decisions made by the New Hampshire Judicial Conduct Committee, this court lacks jurisdiction to consider such claims.

[3] Brochu's request for an injunction seeking to restrain the defendants' conduct going forward suggests that the child support proceeding may be subject to reopening.

alleges that the defendants violated his Fourteenth Amendment rights during the child support proceedings and in issuing orders that require him to pay child support although his parental rights are terminated.  He seeks an injunction to prevent the defendants from presiding in matters involving him and from issuing orders that violate his Fourteenth Amendment rights.

For Brochu to succeed, the court necessarily would have to find that the state court orders and/or the defendants' alleged actions that lead to the orders violated his Fourteenth Amendment rights.  As such, Brochu attacks the state court orders, and the determination he seeks would overturn the state court's orders.  The court lacks jurisdiction to conduct that review and to grant the relief Brochu requests.

### B. Abstention

To the extent that the state court proceeding involving Brochu's child support obligations has not concluded, the injunctive relief he requests implicates the abstention doctrine under Younger v. Harris, 401 U.S. 37 (1971).  Federal courts will abstain from hearing cases "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to

advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007); see also Sirva Relocatoin, LLC v. Richie, 794 F.3d 185, 196 (1st Cir. 2015). The Younger abstention doctrine applies when a federal court plaintiff seeks an injunction to coerce a state court to act in accordance with his direction. Rossi, 489 F.3d at 34.

The injunctive relief that Brochu seeks would directly interfere with any ongoing state court child support proceedings involving Brochu by precluding the defendants from presiding and by directing certain limits on state court decisions. States have important interests in enforcing the orders of their courts. Sirva Relocation, 794 F.3d at 192. Further, there can be no question that issues of parental rights and child support obligations implicate important state interests. Nicolosi v. N.H. Supreme Court, 2019 WL 7039620, at *4 (D.N.H. Nov. 13, 2019). Although Brochu alleges that he had difficulty filing an appeal in state court, that appears to have been due to his own procedural missteps and not because he was barred from raising federal issues.

Therefore, to the extent Brochu is attempting to enjoin ongoing state proceedings, the court would abstain from considering his claims.

C.  Merits of the Claims

Further, even if Brochu were able to overcome the hurdles of the Rooker-Feldman doctrine and Younger abstention, his complaint would be dismissed for failure to state a claim for relief.  To succeed on a procedural due process claim, a plaintiff must allege facts that show that he was deprived of a protected property interest without constitutionally adequate process.[4]  Marrero-Guitierrez v. Molina, 491 F.3d 1, 8 (1st Cir. 2007).  To establish an equal protection violation, a plaintiff must allege facts that show he was treated differently based on impermissible considerations.  Clark v. Boscher, 514 F.3d 107, 114 (1st Cir. 2008).

With respect to the due process claim, based on Brochu's allegations, the disputed child support decisions were made after he received constitutionally adequate process.  He charges that Referee Colligan spoke in an improper manner and that he was "ordered to commit a criminal offense against his wife," but neither charge, as presented, supports a procedural due process claim.[5]  Instead, Brochu really challenges the outcome of the

---

[4] Because Brochu was not deprived of liberty or life, it appears that his due process claim is based on the loss of property through paying child support.

[5] As is noted above, Brochu's statement that he was ordered to commit a criminal offense against his wife is a legal conclusion without any supporting facts to show what he was

9

child support proceedings, apparently on the ground that he should not have to pay child support after his parental rights have been terminated.[6]  As provided above, the court lacks jurisdiction to change the outcome of the state proceedings.

With respect to the equal protection claim, Brochu alleges that he was ordered to pay child support, despite the termination of his parental rights, because he is male.  To the extent he intended to bring an equal protection claim on that theory, it is conclusory and insufficient.  He provides no supporting factual allegations to show that the child support orders were based on his gender.  Therefore, the claim fails.

D. Summary

This court lacks jurisdiction under the Rooker-Feldman doctrine to consider Brochu's claims.  If that doctrine does not apply here, the court would abstain from considering Brochu's claims under Younger.  Further, Brochu's allegations fail to state a plausible claim.  Therefore, Brochu's complaint is dismissed on preliminary review.

---

ordered to do.  Therefore, that statement does not support his claim.

[6] Brochu alleges that Judge Weaver issued the final child support order, but he provides no allegations of any infirmities in the process used to reach that decision.

10

Conclusion

For the foregoing reasons, the complaint (document no. 1) is dismissed without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 25, 2021

cc: Michael Brochu, pro se